IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON KEITH WRIGHT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:19-cv-2445-N-BN |
| | § | |
| WARDEN, SUZANNE LEE KAYS DETENTION CENTER, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Brandon Keith Wright, detained at the Dallas County jail while facing criminal charges in this Court, filed, through counsel, an application for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the medical care he has received at the jail. *See* Dkt. No. 1. His habeas action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

As provided in the habeas application, Wright

> was diagnosed with Crohn's Disease – a lifelong condition which requires regular attention from a gastroenterologist – in 2012 and, prior to his arrest, was being treated with Remicade (an intravenous infusion medication) every 6 weeks. Mr. Wright tolerated this treatment well, and his Crohn's Disease, which involved his small and large bowel with oral involvement, was kept in remission with this treatment.
>
> Since his detention, Mr. Wright has been unable to obtain adequate medical care for his Crohn's Disease. The policy and practice of the Suzanne Lee Kays Detention Facility, to deny Remicade treatment to pre-trial detainees, for whom it has been prescribed and for whom it represents the only effective treatment, constitutes punishment in violation of Mr. Wright's Fourteenth Amendment Right to Due Process. Additionally, medical personnel at the Suzanne Lee Kays Detention

> Facility have acted with deliberate indifference to Mr. Wright's serious medical need by denying Remicade and delaying an expert examination in violation of Mr. Wright's Fourteenth Amendment Right to Due Process.
> Mr. Wright seeks redress of these grievances, in the form of an order from this Court instructing the Respondent to provide him to with Remicade treatment and a prompt examination by a gastroenterologist.

Dkt. No. 1 at 1-2.

Although Wright characterizes this lawsuit as a habeas action under Section 2241, his Fourteenth Amendment due process claims related to the medical care he has received while detained at the Dallas County jail challenge the conditions of – not the fact or duration of – his confinement.

As to suits filed by prisoners, "[w]hich statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under [42 U.S.C. §] 1983." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnote omitted); *see, e.g., Guillen v. Hanks*, No. 3:05-CV-249-PS, 2006 WL 763646, at *1-*2 (N.D. Ind. Mar. 23, 2006) ("Guillen filed this action under 28 U.S.C. § 2254 seeking a petition for a writ of habeas corpus. However, it appears that this action was more properly brought under 42 U.S.C. § 1983. As the Seventh Circuit recently explained: 'For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under § 1983. Attacks on the fact or duration of confinement come under § 2254.'" (quoting *Williams v. Wisconsin*, 336

F.3d 576, 579 (7th Cir. 2003))).[1]

And Wright's status as a federal detainee housed at a county jail, presumably under a contract between the Bureau of Prisons and Dallas County, does not appear to convert this ostensible action under Section 1983 into one under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). *See Henderson v. Thrower*, 497 F.2d 125, 125-26 (5th Cir. 1974) (per curiam).

The Court should therefore dismiss this habeas action without prejudice to Wright's refiling his claims in a civil rights suit.

## Recommendation

The Court should dismiss this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all

---

[1] *See also Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (per curiam) ("Where 'a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody,' the proper vehicle is a civil rights action if a determination in the prisoner's favor will not automatically result in his accelerated release." (quoting *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997))); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) ("We hold that to the extent Tucker challenges the fact or duration of his confinement, the district court should have construed Tucker's complaint as a petition for habeas corpus under 28 U.S.C. § 2241. To the extent Tucker's complaint seeks damages for civil rights violations, his complaint is construed as a *Bivens* action." (citations and footnote omitted)); *Klein v. Chandler*, No. 4:13-cv-372-Y, 2013 WL 2634400, at *3 (N.D. Tex. June 11, 2013) ("As the United States Court of Appeals for the Fifth Circuit recently reiterated in noting that a federal prisoner's challenges to the conditions of her confinement should be raised in an action under *Bivens v. Six Unknown Named Agents*, '[a]llegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions.'" (quoting *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) (per curiam))).

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 22, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE